IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LATONYA FINLEY,

        Plaintiff,

v.

LASALLE BANK NATIONAL ASSOCIATION, *et al.*,

        Defendants.

        /

No. C 09-2965 SI

**ORDER REMANDING CASE**

Several motions are scheduled for a hearing on October 23, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court concludes that plaintiff has failed to state a claim under federal law, and thus GRANTS in part defendants' motion to dismiss and GRANTS plaintiff's motion to remand this case to Alameda County Superior Court.

## BACKGROUND[1]

On September 17, 2008, plaintiff filed this *pro se* case in Alameda County Superior Court alleging claims for quiet title and "identity of parties." The complaint alleged that in April 2006, plaintiff purchased the property at 1429-1431 16th Street, Oakland, California. According to the complaint, plaintiff made payments to Saxon Mortgage Services, Inc., and in November 2006 plaintiff fell behind in her mortgage payments. In December 2006, plaintiff made a payment for several months

---

[1] Much of the background is taken from the state court documents attached to defendants' Notice of Removal, and well as documents attached to defendants' Request for Judicial Notice. The Court GRANTS defendants' request for judicial notice. Docket No. 16.

of mortgage payments. The complaint alleged that in February 2007, plaintiff received a letter from Saxon stating that payment had not been received, and that the creditor was defendant LaSalle Bank National Association, and not plaintiff's original lender, Resmae Mortgage Corporation. The complaint alleged that at that point, plaintiff "started investigating" and "found that the real property in question contained several issues that related to lender misconduct." Compl. ¶ 7. In April 2007, plaintiff was served with a Notice of Default, and on May 7, 2007 defendant LaSalle Bank National Association was assigned the Deed of Trust. On July 7, 2008, plaintiff was served the Notice of Trustee's Sale, and on September 4, 2007, title reverted to LaSalle pursuant to the Trustee's Deed Upon Sale.

By order filed March 2, 2009, the superior court dismissed the case for want of prosecution after holding a case management conference at which no parties appeared. Plaintiff filed a motion for reconsideration of the dismissal, stating that she had experienced difficulties serving the defendants, and by order filed May 6, 2009, the court granted plaintiff's motion for reconsideration. At some point LaSalle filed an unlawful detainer action against plaintiff, also in Alameda County Superior Court. In June 2009, plaintiff filed a motion to consolidate the cases, and also sought an ex parte temporary restraining order, pending a hearing on a motion for preliminary injunction, enjoining defendants from enforcing a writ of possession. By order filed June 26, 2009, the court granted plaintiff's ex parte application, and set the motion for a preliminary injunction for July 13, 2009.

According to the Notice of Removal, on May 27, 2009, plaintiff filed a first amended complaint alleging ten claims. On July 1, 2009, LaSalle removed the case to this Court on the basis of federal question jurisdiction. The Notice of Removal states that at the time of removal, none of the defendants had been served with the first amended complaint.

Now before the Court are plaintiff's motion for remand, defendant's motion to dismiss the first amended complaint, plaintiff's motion to transfer venue to Oakland, and plaintiff's motion to compel production of documents.

## DISCUSSION

Defendant moves to dismiss all of plaintiff's claims on numerous grounds. Defendant contends that plaintiff lacks standing to raise most of the claims alleged in the first amended complaint because

2

plaintiff deeded the property to "Future Awareness," a nonprofit. Defendant also contends that even though the first amended complaint does not allege any claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640 *et seq.*, because the gravamen of plaintiff's complaint alleges wrongdoing by the original lender at the time the loan was originated, plaintiff's claims really arise under TILA, and are untimely under that statute. However, defendants do not cite any authority for the proposition that plaintiff's state law claims actually arise under TILA. Plaintiff, in turn, seeks remand to state court.

The Court must first address jurisdiction, and thus must determine whether the first amended complaint states any federal claims. The first amended complaint alleges ten claims: (1) declaratory relief, (2) fraud, (3) tortious violation of statute (RESPA, 12 U.S.C. § 2607), (4) quiet title, (5) reformation, (6) violation of Cal. Bus. & Prof. Code § 17200, (7) violation of Cal. Civ. Code § 2923.6, (8) violation of Cal. Civ. Code § 1788.17, (9) violation of Cal. Civ. Code § 1572, and (10) injunction. The only claim that alleges a violation of federal law is the third claim, "tortious violation" of the Real Estate Settlement Procedures Act ("RESPA").[2]

The complaint alleges that defendants violated "both the terms and the spirit" of RESPA, 12 U.S.C. § 2601 *et seq.*, and that "the failure to respond to plaintiff . . . constitutes a violation of 12 U.S.C. § 2607(b)." Am. Compl. ¶¶ 153, 156. Section 2607(b) of RESPA, titled "Splitting Charges," provides that "[n]o person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b). It is unclear from plaintiff's complaint whether the citation to Section 2607(b) was in error, since the complaint refers to defendants' "failure to respond" and Section 2607 does not impose requirements regarding responding to inquiries. In any event, the complaint does not allege any facts

---

[2] Elsewhere, the complaint contains references to federal law without alleging a violation of federal law. For example, under the fraud claim the complaint alleges that plaintiff incurred a debt as that term is defined by the California Rosenthal Act and the federal fair Debt Collection Practices Act when she obtained the loan. Am. Compl. ¶ 79. However, the amended complaint does not allege any claims under the FDCPA.

3

in support of a claim under Section 2607(b).[3] Nor does the complaint allege any facts in support of the far more general allegation that defendants have violated the "terms and spirit" of RESPA.[4]

Thus, the complaint does not state a claim under RESPA. Accordingly, the Court DISMISSES this claim. In light of the fact that this claim was the only basis for federal jurisdiction, and because plaintiff's motion for remand suggests that she did not intend to allege any federal claims and that she wishes to continue litigating this case in state court, the Court finds it appropriate to REMAND this case for lack of jurisdiction.

## CONCLUSION

The Court GRANTS IN PART defendant's motion to dismiss and DISMISSES the RESPA claim for failure to state a claim. As a result, there is no basis for federal jurisdiction, and accordingly the Court GRANTS plaintiff's motion for remand and REMANDS this action to Alameda County Superior Court. All other pending motions are DENIED AS MOOT. (Docket Nos. 6, 15, 20 & 22).

**IT IS SO ORDERED.**

Dated: October 20, 2009

SUSAN ILLSTON
United States District Judge

---

[3] In addition, claims under Section 2607 are governed by a one year statute of limitations, and arise at the time the allegedly illegal fees were imposed. 12 U.S.C. § 2614. Plaintiff signed the loan documents in April 2006, and thus a claim under Section 2607 would be untimely unless there were specific factual allegations showing an entitlement to tolling of the statute of limitations.

[4] Plaintiff's opposition to defendant's motion to dismiss suggests that many of her claims are premised upon the notion that defendants must possess and produce the original note. *See e.g.,* Opposition at 5:19-20 ("Plaintiff's entire complaint is not about TILA, Plaintiff's complaint is asking that defendants produce the note."). Although not alleged in the complaint, the opposition cites Section 2605 of RESPA as authority for the proposition that "the bank, servicer or entity [is required] to provide proof to the consumers that the entity collecting payment has the written authorization to do so." *Id.* at 8:4-6. Contrary to plaintiff's assertion, however, Section 2605 of RESPA does not require written proof that an entity may collect payment. Instead, Section 2605 of RESPA requires disclosures of the sale or transfer of the servicing of a loan. *See* 12 U.S.C. § 2605(a) (disclosures at time of application); § 2605(b) (disclosures at time of sale or transfer). Violations of Section 2605 are limited to actual damages caused by the nondisclosure, or in the case where a defendant has a pattern and practice of nondisclosure, no more than $1,000. There is nothing in Section 2605 suggesting that a violation of disclosure requirements impairs the ability of a loan servicer to service the loan.

4